## REUBEN B. COBLEIGH *v.* NATHAN STONE.

*Supreme court.   Errors in law and of fact.   Book account.*

The supreme court correct only errors in law.   An error in computation by an auditor is an error of fact, and if it is not brought to the notice of the county court there is no error in law in their not correcting it, and it cannot, in such a case, be revised in the supreme court.

A charge for " cash on land trade " may be recovered for in an action on book account if not objected to when presented to, and passed upon by the auditor.

The plaintiff purchased with the defendant's note and took possession of a mare, and agreed to pay the amount of the note and interest within a certain time, during which, and until payment, the mare was to be the defendant's property.   The plaintiff failing to pay, the defendant took the mare and a colt she had had while in the plaintiff's·possession, but did not then claim them as his own, otherwise than as security for what the plaintiff owed him, and professed a willingness to account for what they brought; and he sold the mare for more than the amount of the note, but still retained the colt.   *Held*, that he was accountable to the plaintiff in an action on book for what the mare sold for, above the amount of the note, and for the value of the colt at the time he took it.

BOOK ACCOUNT.   Among the items of the plaintiff's account was a charge for " cash on land trade," in reference to which all that appeared in the auditor's report was, that he was " not satisfied that the minds of the parties ever met as to price, but from the testimony of other witnesses he learns that the land was well

worth forty dollars at the time, and therefore allows that sum." The auditor reported specially in reference to several other items in both the plaintiff's and the defendant's account, some of which he allowed and others of which he disallowed, and in reference to others he referred the question of their allowance or disallowance to the county court, none of which seem to have been passed upon by the supreme court, except a charge in the plaintiff's account for a mare and colt, in reference to which the auditor reported that the facts were as follows :

In April, 1852, the plaintiff was in somewhat embarrassed circumstances, and could not well own attachable property publicly. He wished to get a horse to use, and finding he could obtain one of Daniel McGregor for eighty dollars, he applied to the defendant for his note to McGregor for that sum, and the · defendant consented, and gave it. The defendant had nothing to do with McGregor about the trade. The plaintiff bought the mare and took her home, and at the same time executed and delivered to the defendant an obligation in these words :

"R. B. Cobleigh bought of Nathan Stone one bay mare, to pay eighty dollars in one year and interest, said mare to remain the property of said Stone until paid for, and said Stone is not to risk said mare from accidents, death, or being stolen.

(Signed,)       " R. B. COBLEIGH.

" St. Johnsbury, April 19th, 1852."

The plaintiff kept and used the mare more than a year, and meantime she brought this colt. When the colt was about three months old, about the 18th day of August, 1853, the defendant went to the plaintiff, saying he wished to get the mare to go to the Plain, and to use a few days, and, by the plaintiff's consent, took the mare and colt not then weaned.

Soon after, it occurred to the plaintiff that perhaps the defendant intended to retain them, and the same night after the defendant returned from the Plain the plaintiff went to his house and asked him if he intended to keep them, and the defendant said he did ; that the plaintiff was owing him some and he did not feel safe. The plaintiff said, " can't we settle ? " and the defendant replied, " we had better get others to do it for us ; " it was not done. The

defendant said whatever the mare brought more that the McGregor note should be applied on the plaintiff's other indebtedness to him.

At this time McGregor had not called on the defendant to pay his note, which was payable in one year from date, April 19, 1852. The plaintiff then agreed with Mark Matter to go and buy the mare of the defendant for one hundred dollars, which, after two or three conversations, he succeeded in doing sometime the first of September following, but Matter says that though he bought the mare by request of the plaintiff he considered her his own property. At this time the defendant said to Matter that if the plaintiff would pay him all he justly owed him that was all he wanted, and the plaintiff might have the mare and colt back, and that he would give up the mare any time when the plaintiff paid what he owed him. Something was also said about giving up the plaintiff's obligation to Matter when he bought the mare, but the defendant said he did not know whether it was right for him to do so, and did not do it. A few days subsequently Matter sold the mare to Asa Morrill, whom the plaintiff advised to buy her, as she was with foal, and Morrill paid the one hundred dollars to Stone. The defendant also said to Morrill in December after that he wanted nothing of the plaintiff but what he owed him on book, and that he had this property in his hands and should not release it until he got a settlement with the plaintiff. About the same time Benjamin Matter, in conversation with the defendant, asked him why he did not give up the mare when the plaintiff was willing to pay for her. The defendant replied that he would do it if the plaintiff would pay what he otherwise owed him, and settle fairly. The defendant had since then paid and taken up the McGregor note.

The auditor found the value of the mare to have been one hundred dollars, and of the colt twenty-five dollars at the time the defendant took them, and that if the plaintiff was entitled to recover their full value, deducting the amount then due on the McGregor note, there would be thirty-eight dollars and twenty cents due to the plaintiff on account of them. Whether or not this sum should be allowed he referred to the court, and reported different balances in favor of either the plaintiff or

defendant, according to their finding upon the questions submitted to them.

The county court, June Term, 1856,—POLAND, J., presiding,— rendered judgment in favor of the plaintiff for seventeen dollars and eighty-three cents, allowing him the sums reported both on account of the land and on account of the mare and colt. To this judgment the defendant excepted.

*O. T. Brown,* for the defendant.

The facts found by the auditor show that the plaintiff *never* had any property in the mare and colt, the payment of the eighty dollars and the interest on the same within one year being a condition to the passing of the same from Stone to Cobleigh. Then it follows that when the defendant took possession of the mare and colt he neither trespassed on the rights of the plaintiff, nor became his debtor; *Buckmaster* v. *Smith,* 22 Vt. 203: *Smith* v. *Foster,* 18 Vt. 182; *Grant* v. *King & Comstock,* 14 Vt. 367; *Bigelow* v. *Huntley,* 8 Vt. 151; *West* v. *Bolton,* 4 Vt. 558.

The defendant has never relinquished his property in the mare and colt, unless his saying that " whatever the mare brought more than the McGregor note should be applied on the plaintiff's other indebtedness," should be so considered, which saying was without consideration and a mere executory gift at most.

Neither party was bound by the offer, the defendant never having executed on his part, and no agreement on the part of the plaintiff to accept according to the terms of the offer.

With the plaintiff's views of his property in the mare and colt, his remedy is not book account, but trover; *Peach* v. *Mills,* 14 Vt. 371; *Grant* v. *King & Comstock,* 14 Vt. 367; *McCrillis* v. *Banks et ux.,* 19 Vt. 442.

Book account is not the proper remedy to recover the price of land.

*T. Bartlett, Jr.,* for the plaintiff.

The case involves but one question of any importance, and that relates to the mare and colt.

The defendant gave the plaintiff an accommodation note, payable to McGregor, to enable the plaintiff to buy the mare, the defendant having a lien or mortgage upon the mare for security.

Cobleigh *v.* Stone.

The defendant took the mare and colt, sold the mare, and from the avails paid the note and interest to McGregor; and always having expressed a willingness to account for the balance of the proceeds of the sale, and the colt, it is apparent that substantial justice and equity require that he should be taken " at his word."

The opinion of the court was delivered by

REDFIELD, CH. J. Some question is made in this case whether the auditor did not make some mistake in his own computation.* But if he did it was an error of fact, and should have been corrected in the county court, as in this court only errors in law can be revised. And we could not say that the county court committed an error in law in not revising and correcting the computation of the auditor, unless it was brought to their notice.

I am not satisfied that any mistake occurred. It is more probable, perhaps, that none did.

The charge for land seems to have been allowed without objection. Certainly no question in regard to it is referred to the court, as in regard to some of the other items.

In regard to the question which the county court did decide, we cannot see why it was not decided correctly.

The defendant never claimed that the horse and colt became his. After he took possession of them he professed a willingness to account for all they brought, and the mare has been sold. And as the defendant has persisted in keeping the colt until the account was settled, and professed a willingness to give the plaintiff the full benefit of it, it would seem but just that it should be accounted for in the settlement. And if accounted for it should be at its value when taken.

Judgment affirmed.

---

*Nothing appears in the papers furnished to the reporter in reference to this question, except what is stated in the opinion of the court. Copies of the accounts in full did not accompany the copy of the auditor's report which was furnished to the Chief Justice, and by him transmitted to the reporter.